THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| ORTHOPAEDIC ASSOCIATES a/s/o R. P.<br><br>Plaintiff,<br><br>v.<br><br>AETNA; ABC CORP. (1-10)(said names being fictitious and unknown entities)<br>Defendants | CIVIL ACTION NO.: |
|---|---|

## NOTICE OF REMOVAL

Defendant Aetna Health Inc. (improperly pleaded as and hereinafter referred to as "Aetna") as Benefit Provider for the benefit plan of HOP Industries Corp., hereby removes this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1441 and §1442(a)(1) and 28 U.S. §1446(c).

I. **Proceedings to Date**

1. Plaintiff has instituted suit in the Superior Court of New Jersey, Law Division, Bergen County, under Docket No. MID-L-6334-12, a Complaint entitled "Orthopaedic Associates a/s/o R.P." (See Plaintiff's Complaint, attached hereto as Exhibit "A.")

2. Summons issued dated October 3, 2012 and thereafter mailed to Aetna by certified mail received October 8, 2012 at Hartford, Connecticut. See Summons and envelope attached as Exhibit B.

3. No other pleading has been filed on behalf of Aetna in this matter and Aetna has not made an appearance or "appeared" in the State Court.

## II. Grounds for Removal

4. Plaintiff's Complaint alleges, that Plaintiff is the assignee of an individual "R.P." who is a member of a group health benefit plan or policy allegedly issued by Aetna. (See Exhibit "A," at ¶¶ 1-14.) Additionally, Plaintiff's Complaint specifically alleges a cause of action under the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 et seq. (See Counts I and II of Plaintiff's Complaint at Exhibit "A")

5. The Complaint alleges that Aetna improperly denied and/or failed to provide medical expense benefits from group benefit plans arising out of services rendered by Plaintiff on an unspecified date or dates. (See Exhibit "A" at ¶10-11)

6. Aetna, in the context of this matter, served as medical benefit provider for the group health benefit plan of HOP Industries Corp. in which R.P. had been enrolled, an employee group health benefit plan created pursuant to and governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq.

7. Plaintiff's claim damages as a result of the failure of Aetna to provide payment for medical expenses under the benefit plan. (See Exhibit "A")

8. Plaintiff's claim for benefits as it pertains to R.P. , are, as a matter of federal law, governed by the terms and conditions of ERISA and, therefore, fall within the ambit of this Court's original federal question jurisdiction. See, Egelhoff v. Egelhoff, 532 U.S. 141, 147-148 (2001), (terms and conditions of payment and administration of payment are, as a matter of federal law, governed exclusively by ERISA plans.)

9. It is well settled that the "carefully integrated civil enforcement

provisions" in ERISA §502 were "intended to be exclusive." <u>Pilot Life Insurance Company v. Dedeaux</u>, 41 U.S. 41, 54 (1987), (internal quotation marks omitted). The exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits. See, <u>Metropolitan Life Insurance Company v. Taylor</u>, 41 U.S. 58, 63-64 (1987). Accordingly, any state-law claim that seeks to collect or seeks a declaration of benefits under the terms of an ERISA plan must be re-characterized as benefit claims under §502(a) of ERISA, and that such claims give rise to removal jurisdiction no matter how Plaintiffs characterize those claims. <u>Id.</u>, at 651. (preemptive force of ERISA operates to "[c]onvert" ordinary state law claims into federal claims for the purposes of the well-pleaded complaint rule;" <u>Wood v. Prudential Insurance Company of America</u>, 207 F.3d 674, 678 (3d Cir. 2000), cert. denied, 531 U.S. 927 (2000); ("[c]omplete preemption is an exception to the well-pleaded complaint rule" and "does not depend on the type of relief requested in a complaint;" <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 704 (9th Cir. 1998)) (Complete preemption doctrine empowers courts to "look beyond the face of the complaint.") Also see, <u>Levine v. United Healthcare Corporation</u>, 402 F.3d 156, 162 (3d. Cir. 2005).

10. The present lawsuit is removable from the State Court to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1331, and §1441(a), (b) and (c).

11. Plaintiff, on the face of this Complaint, alleges that Aetna has breached the group health benefit plan agreement and that Aetna has failed to properly provide certain benefits. Thus, the claims for non-performance fall within the civil

enforcement mechanism set forth at 29 U.S.C. §1132(a). See, Pascack Valley Hospital, Inc. v. Local 464 AUFCW Welfare Reimbursement Plan, 388 F. 3d. 393, 399 (3d. Cir. 2004).

12. In addition, Plaintiff's state law claims are independently preempted by ERISA by virtue of the fact that those claims necessarily require an interpretation and application of individual ERISA plan documents to determine the valid rights and responsibilities of the parties and the mutual extent of obligations for claims made.

13. Because the determinations Plaintiff seeks expressly require an authoritative examination and interpretation of plan policies, certifications and documents and coverage rights arising thereunder, Plaintiff's claims are completely preempted by ERISA.

### III. Supplemental Jurisdiction

14. To the extent that any of Plaintiff's claims do not relate to the payment of benefits under ERISA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 and §1441I.

### IV. Venue

15. Plaintiff's action is currently pending in the Superior of New Jersey Law Division, Bergen County, which is within this judicial district and division. See, 28 U.S.C. §110. This Court is thus the proper venue for removal under 28 U.S.C. §1441(a) and §1445(a).

### V. Timeliness

16. Because the earliest Aetna could have received notice of the action, including the Complaint, was when the Complaint was forwarded to them by Summons

dated October 3, 2012 and marked received by Aetna October 8, 2012 (see Exhibit "B"), this Notice of Removal is timely filed. See 28 U.S.C. §1446(b), "notice of removal...shall be filed within thirty (30) days after the receipt by defendant...of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

## VI. Notice

17. As required by 28 U.S.C. §1446(b), Aetna will give written notice of this notice of removal to Plaintiff, via regular and certified mail, and will promptly file a copy of it with the clerk of the state court. A copy of this notice of filing of the notice of removal is attached hereto as Exhibit "C" (without the copy of this notice of removal that will be attached to it).

## VII. Consent to Remove

20. This Notice of Removal is filed on behalf of the only specifically named Defendants.

## VIII. Conclusion

21. For all the foregoing reasons, Defendant Aetna Health Inc. respectfully requests that this action previously pending in the Superior Court of New Jersey, Bergen County, be removed to this Court and that this Court proceed as if it had originally initiated in this Court.

Dated: 11-2-12

CRAIG, ANNIN & BAXTER, LLP

Paul D. Kelly, Esquire (PDK/9137)
41 Grove Street
Haddonfield, NJ 08033
(856) 795-2220
*Attorneys for Defendant*
*Aetna Health Inc.*