

MASSOOD & BRONSNICK, LLC
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiff

SUPERIOR COURT BERGEN COUNTY
F I L E D

SEP 1 7 2012

DEPUTY CLERK

ORTHOPAEDIC ASSOCIATES a/s/o
R█████████████N,

                Plaintiff(s),

v.

AETNA; ABC CORP. (1-10) (Said names
being fictitious and unknown entities),

                Defendant(s),

SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY: LAW DIVISION

DOCKET NO: L-7262-12

CIVIL ACTION

COMPLAINT AND JURY DEMAND

The Plaintiff, Orthopaedic Associates a/s/o R█████ P█████, by way of Complaint against Defendants says:

## THE PARTIES

1.     Plaintiff, Orthopaedic Associates (hereinafter referred to as "Ortho Associates" or "Plaintiff") is a physician's office that specializes in the treatment of spinal injuries, having its office located at 15-01 Broadway, Fair Lawn, NJ 07410. At all relevant times, the Plaintiff was an "out-of-network" medical practice that provided various surgical services to subscribers enrolled in the healthcare plans of Defendant.

2.     R█████████ (hereinafter referred to as "P█████") is a citizen of the United States residing at 90 Orange Avenue, Elmwood Park NJ 07407 and is a subscriber to a fully funded health insurance plan.

3.     Defendant Aetna (hereinafter referred to as "Aetna") is an insurance company authorized to transact insurance business throughout the State of New Jersey,

Massood & Bronsnick, LLC
Attorneys at Law

which actively solicits customers from New Jersey, and is headquartered at 151 Farmington Avenue, Hartford, CT 06156. Aetna is a managed care company consisting of several healthcare plans providing healthcare coverage and third party administration to its subscribers for both "in-plan" and "out-of-network" medical services.

4.     Aetna conducts business in every county in the State of New Jersey, including Bergen County, and venue was properly laid in Bergen County pursuant to R. 4:3-2.

5.     Plaintiff received a written Assignment of Benefits agreement from P███ in the aforementioned Aetna subscriber, of her contractual rights under the policy of group health insurance issued by Aetna and thus, has standing to bring a civil action against Aetna.

## SUBSTANTIVE ALLEGATIONS

6.     Aetna operates, controls and/or administers managed healthcare insurance plans providing health and medical coverage to its members and dependents. At all relevant times, Aetna provided certain members and/or their dependents with "out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan.

7.     Specifically, in this case, the Plaintiff provided the treating physicians for the medical procedures administered to P███. It is not disputed that all of the surgical procedures performed were "medically necessary" and were approved by Aetna.

Mastood & Bronnick, LLC
Attorneys at Law

8. The usual and customary fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that providers, like the Plaintiffs, normally charge to their patients in the free market, i.e. without an agreement with an insurance company to reduce such a charge in exchange for obtaining access to the insurance company's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

9. In each instance, prior to Plaintiff rendering services, Aetna agreed to directly compensate Plaintiff their UCR fee for the services provided. Consequently, in each instance, Plaintiff reasonably believed and relied upon Aetna's express or implied representations that Plaintiff would be paid the UCR fee and it was on that basis, Plaintiff agreed to render the services.

10. Plaintiff submitted a bill to Defendant, Aetna based on the reasonable and customary charges for its services, in the amount of $24,279.00. Aetna issued payment to Plaintiff in the amount of $400.79. Aetna issued an Explanation of Benefits ("EOB") indicating that the remaining balance of $23,878.21 was not allowed. However, the portion designated by Aetna as "patient's responsibility" and "remaining balance" are in dispute since Plaintiff challenges the reasonable and customary ("UCR") charge allowed by Aetna for the subject date of service.

11. Based upon the foregoing, Plaintiff hereby demands payment in the amount of $23,878.21.

12. Plaintiff submitted appeals for reconsideration of the claim, and for further payment. Defendant failed to provide an appropriate response to the appeal,

Massood & Bronsnick, LLC
Attorneys at Law

because they failed to provide a copy of the Summary Plan Description in a timely manner, they failed to give a detailed explanation as to how they determined the approved amount for payment on the dates of service at issue, and they failed to properly process the claims for payment. Furthermore, Defendant failed to properly advise Plaintiff about the appeal process and therefore, Defendant did not properly consider payment on appeal.

13. Defendant has not issued any further payments to Plaintiff.

14. By and through this lawsuit, Plaintiff now seeks damages, due to Defendant's actions that have resulted in Plaintiff not receiving payment for the significant medical services rendered.

## FIRST COUNT
### (Violation of ERISA)

15. Ortho Associates repeats and re-alleges all prior allegations as though fully set forth herein.

16. This Count arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq.

17. The Patients' plans, under which Patients are entitled to health insurance coverage under ERISA, are administered and operated by Aetna and/or Aetna's designated third-party administrator and/or agent under ERISA.

18. Aetna is the administrator and fiduciary in relation to the matters set forth herein because, *inter alia*, they exercise discretionary authority and/or discretionary control with respect to management of the plans under which Patients are entitled to benefits as assigned to Plaintiff.

19. Aetna is a fiduciary in relation to the matters set forth herein, by virtue of its

exercise of authority and/or control and/or function control respecting the management and disposition of assets of the plans and/or by exercising discretionary authority and/or discretionary responsibility and/or functional authority in the administration of the Patients' plans.

20.    Aetna's fiduciary functions include, *inter alia*, preparation and submission of explanation of benefits, determinations as to claims for benefits and coverage decisions, oral and written communications with Plaintiff concerning benefits to Patients under the plans, and coverage, handling, management, review, decision-making and disposition of appeals and grievances under the Patients' plans.

21.    Ortho Associates received assignment of benefits from Parvin which had "out of network" benefits for surgery under her plan or insurance agreement with or administered by Aetna through which Parvin assigned to Ortho Associates, *inter alia*, the individual Patients' right to receive payment directly from Aetna for the services that the patient received from Ortho Associates.

22.    The Assignment of Benefits that Ortho Associates received from Parvin confers upon Ortho Associates' status of "beneficiary" under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B) and § 1102(8) et seq.

23.    As a beneficiary under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B), PROVIDER is entitled to recover benefits due (and/or other benefits due to the Patient), and to enforce the rights of the Patient (and/or the rights of the Patient) under ERISA law and/or the terms of the applicable plans/policies.

24.    Ortho Associates has sought payment of benefits under the applicable Patients' plans and Aetna has refused to make payment to Ortho Associates for the medical

services rendered to the Parvin.

25. The denial of Parvin's claims are unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, is arbitrary and capricious and is in violation of ERISA.

26. The form and basis of the denial of the Parvin's claims are insufficient and not in compliance with ERISA.

27. Ortho Associates is entitled to recover the reasonable attorneys' fees and costs of action pursuant to 29 USC § 1132(g), et seq. and other provisions of ERISA, as applicable.

28. There is no basis for the claims not being paid when the reasonable and customary charge is the standard.

WHEREFORE, Plaintiffs request judgment against Defendant for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

### SECOND COUNT
**(ERISA-Breach of Fiduciary Duty)**

29. Ortho Associates repeats and re-alleges all prior allegations as though fully set forth herein.

30. Aetna has an obligation to supply all documents used in making any claims determination.

Massood & Bronnick, LLC
Attorneys at Law

31.  Aetna has an obligation to explain its determination regarding the denial of claims.

32.  Aetna has a duty to provide Ortho Associates a full and fair hearing on the claims determination.

33.  Aetna is a fiduciary under ERISA.

34.  Aetna's determinations of all claims without any (or even substantial) explanation were arbitrary and capricious as well as being in violation of ERISA.

35.  Aetna violated its fiduciary duty to the P█████ and Aetna as assignee of P█████.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

a)  Compensatory damages;

b)  Interest;

c)  Costs of suit;

d)  Attorney's fees; and

e)  Such other relief as the Court deems equitable and just.

### THIRD COUNT
#### (Breach of Contract)

36.  Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

37.  Aetna conducts business in every county in the State of New Jersey, including Bergen County, and venue was properly laid in Bergen County pursuant to R. 4:3-2.

38.  Aetna issued a fully funded policy of insurance to P█████ and/or is obligated to provide health insurance to its insured's and their participating family members.

39.  Aetna breached its contract with Orthopaedic Associates a/s/o R█████a P█████,

by failing to pay the reasonable and customary rate for the medical necessary services rendered under the terms of the policy by failing to properly respond to the appeal, and by failing to comply with the terms of the Summary Plan Description.

40. Consequently, Ortho Associates was damaged by Aetna's breach of contract.

WHEREFORE, Plaintiff requests judgment against Defendant for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the court deems equitable and just.

### FOURTH COUNT
### (Promissory Estoppel)

41. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

42. Ortho Associates rendered medical services to P▬▬, and therefore, Plaintiff expected to be paid its UCR fee for the medically necessary services.

43. In reliance upon Defendants' confirmation of coverage for medical services, prior to rendering services, Ortho Associates provided the Aetna subscriber with "medically necessary" care and medical treatment.

44. At no time did Defendant ever withdraw its confirmation of coverage for medical services based upon a reasonable and customary fee.

45. Despite Defendants' continued confirmation of coverage for medical services for

a reasonable and customary fee payment, Defendant has not appropriately paid Ortho Associates for the medical services rendered.

46.  Defendants' actions have therefore caused Plaintiff to suffer a detriment of a definite and substantial nature in reliance upon Defendants' promise to pay for medical services at a reasonable and customary fee thus constituting an actionable claim pursuant to the doctrine of promissory estoppel.

47.  Ortho Associates has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendant for:

a)  Compensatory damages;

b)  Interest;

c)  Costs of suit;

d)  Attorney's fees; and

e)  Such other relief as the Court deems equitable and just.

## FIFTH COUNT
### (Negligent Misrepresentation)

48.  Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

49.  Despite its confirmation of reasonable and customary payment for medically necessary services, prior to Ortho Associates rendering of the services, Defendant negligently refused to pay the subject claims appropriately in accordance with said confirmation. Because of Defendants' negligent misrepresentation, Ortho Associates was paid less than the reasonable and customary rates.

50.  Defendants' negligent misrepresentation of medical coverage for services

rendered at a reasonable and customary payment was unknown to Ortho Associates at the time it agreed to perform the medical services for the subscribers and/or their dependents. Plaintiff reasonably expected and relied upon what it believed to be Defendants' honest representations that the Plaintiff would be properly compensated in accordance with the medical coverage plan presented prior to the medical services being performed.

51. Ortho Associates' reliance on these representations was to its substantial detriment and as a result the Plaintiff suffered significant monetary damages.

52. By virtue of the foregoing, Defendant has committed negligent misrepresentation.

53. Ortho Associates has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendant for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## SIXTH COUNT
### (Unjust Enrichment)

54. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

55. At all relevant times, Defendant consistently and systematically refused to pay Plaintiff reasonable and customary fees for the medical services rendered, contrary to Defendants' confirmation of payment terms.

Massood & Bronsnick, LLC
Attorneys at Law

56.   Defendant has therefore been unjustly enriched through the use of funds that earned interest or otherwise added to its profits when said money should have been paid in a timely and appropriate manner to Plaintiff.

57.   Ortho Associates has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendants for:

   a) Compensatory damages;

   b) Interest;

   c) Costs of suit;

   d) Attorney's fees; and

   e) Such other relief as the Court deems equitable and just.

## SEVENTH COUNT

58.   Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

59.   On or about the aforementioned dates and place, Defendant, ABC Corporations 1 through 10, were parties responsible for the payments of Plaintiff's reasonable and customary fees.

WHEREFORE, Plaintiff requests judgment against Defendant for:

   a) Compensatory damages;

   b) Interest;

   c) Costs of suit;

   d) Attorney's fees; and

   e) Such other relief as the Court deems equitable and just.

Maslood & Bronznick, LLC
Attorneys at Law

## DESIGNATION OF TRIAL COUNSEL

The undersigned hereby designates Andrew R. Bronsnick, Esq. as trial counsel for the within matter.

MASSOOD & BRONSNICK, LLC.
Attorneys for Plaintiffs

BY: _____
ANDREW R. BRONSNICK, ESQ.

Dated: September 11, 2012

## JURY DEMAND

The undersigned hereby demands a trial by jury as to all issues.

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated. There are no other known parties who should be joined to this action.

MASSOOD & BRONSNICK, LLC
Attorneys for Plaintiff

_____
ANDREW R. BRONSNICK, ESQ.

Dated: September 11, 2012
f:\wp51\majormed\ortho\parvin\complaint 9.11.12.doc

Massood & Bronsnick, LLC
Attorneys at Law