IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORTHOPAEDIC ASSOCIATES a/s/o R. P.  <br><br> Plaintiff,  <br><br> v.  <br><br> AETNA; ABC CORP. (1-10) (said names being fictitious and unknown entities) Defendants | CIVIL ACTION NO.: |

### ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF DEFENDANT AETNA HEALTH INC.

Defendant Aetna Health Inc. (improperly plead as and hereinafter referred to as "Aetna") as Benefit Provider for HOP Industries, Inc., by way of answer to the Plaintiff's Complaint (hereinafter "Plaintiff") in the above-captioned matter, state as follows:

### THE PARTIES

1.      It is admitted that Plaintiff is a medical practice that is not a contracted provider in a network or "third provider" with Aetna. Except as so admitted, this party has insufficient information to admit or deny the allegations of this paragraph and Plaintiff is left to its proof.

2.      It is admitted that R.P. is an enrollee of the group health benefit plan of HOP Industries, Inc. for which Aetna Health Inc. provides benefits. Except as so admitted, this party has insufficient information to admit or deny the allegations of this paragraph and Plaintiff is left to its proof.

3.      It is admitted that Aetna Health Inc. is a New Jersey corporation which in

2

the context of this action serves as the benefit provider for the insured group health benefit plan of HOP Industries Corp. which Plan features benefits subject to the terms limitations of the HOP Industries Corp. Plan for preferred or in network or non-preferred or out of network treatment.

4. Admitted.

5. This party has insufficient information to admit or deny the allegations of this paragraph and therefore, said allegations are denied and Plaintiff is left to its proofs.

6. Denied as stated. Within the context of this case, Aetna Health Inc. is a benefit provider for the insured group health benefit plan of HOP Industries Corp. in which R.P. was enrolled. It is furthermore admitted that that benefit plan provides both in network and out of network benefits subject to the terms, limitations and conditions of that Plan.

7. Denied

8. The assertion contained in Paragraph 8 of Plaintiff's Complaint constitutes a statement to which no answer is required. To the extent that any of the statements contained at Paragraph 8 could be construed to interpreted as asserting a claim of wrongful act or omission on the part of this party, same is expressly denied. Moreover, claims determinations are made in accordance with the terms, limitations and conditions of the group plan.

9. Denied.

10. It is admitted that Plaintiff submitted a claim for services rendered to R.P. on September 12, 2011 which featured a charge of $24,279. It is admitted that a

3

payment issued in the amount of $400.79 followed by an additional payment of $952.21. Except as so admitted, the balance of the allegations of this paragraph are denied.

    11.    Denied.

    12.    Denied.

    13.    Denied.

    14.    Denied.

**COUNT I**

    15.    Defendant incorporates by reference all the answers to all the allegations of the first fourteen paragraphs as if set forth at length herein.

    16.    The statement contained in this paragraph is neither admitted nor denied and no answer is required.

    17.    Denied as stated. By way further answer, in the context of this suit, Plaintiffs alleged assignee was enrolled in the group health benefit plan of HOP Industries Corp., a group health benefit plan organized pursuant to and governed by ERISA.

    18.    Denied as stated. By way of further response, it is admitted that Aetna serves as claim fiduciary with discretionary authority to determine whether to what extent eligible individuals and beneficiaries are entitled to coverage and to construe any disputed or doubtful terms under the group agreement. Except as so admitted, denied.

    19.    Denied as stated. By way of further response, it is admitted that Aetna serves as claim fiduciary with discretionary authority to determine whether to what extent eligible individuals and beneficiaries are entitled to coverage and to construe any

4

disputed or doubtful terms under the group agreement. Except as so admitted, denied.

20. Denied as stated. By way of further response, it is admitted that Aetna serves as claim fiduciary with discretionary authority to determine whether to what extent eligible individuals and beneficiaries are entitled to coverage and to construe any disputed or doubtful terms under the group agreement. Except as so admitted, denied.

21. The allegations in this paragraph are not understood and therefore denied. By way of good faith effort to respond, it is admitted that Plaintiff alleges that it received an assignment of benefits from R.P. It is further admitted that the group health benefit plan for which Aetna provides benefits contains some out of network benefits subject to the terms, limitations, conditions and exclusions of the Plan. Except as so admitted, this party has insufficient information to admit or deny the balance of the allegations of this paragraph and therefore, same is denied.

22. This party has insufficient information to admit or deny the allegations of this paragraph and therefore, said allegations are denied and Plaintiff is left to its proofs.

23. This party has insufficient information to admit or deny the allegations of this paragraph and therefore, said allegations are denied and Plaintiff is left to its proofs.

24. Denied as stated. It is admitted that Plaintiff submitted a claim for services rendered to R.P. and it is further denied that Aetna refused to make payment for those services.

25. It is denied that the claims for R.P. were denied. By way of further answer, denied.

5

26.   It is denied that the claims submitted for R.P. were denied. By way of further answer, denied.

27.   Denied.

28.   Denied.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of state and federal law.

<u>COUNT II</u>

29.   Defendant incorporates by reference all the answers to all the allegations of the first twenty-eight paragraphs as if set forth at length herein.

30.   Denied.

31.   In the context of this matter, it is admitted that Aetna provided an explanation of determination regarding claims submitted. It is denied that there was a denial of claims as asserted. By way of further answer, denied.

32.   Denied as stated. By way of further answer, Aetna provides claims determinations in accordance with its obligations as claims fiduciary and the terms of the group agreement.

33.   With respect to the allegations contained in paragraph 33 of Plaintiff's Complaint, it is admitted that Aetna serves as claim fiduciary with respect to claims for covered benefits with discretionary authority to determine whether and to what extent eligible individuals and beneficiaries are entitled to coverage and to construe any disputed or doubtful terms under the benefit plan. Except as so admitted, denied.

34.   Denied.

35.   Denied.

**WHEREFORE,** Defendant demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of state and federal law.

COUNT III

36.     Defendant incorporates by reference all the answers to all the allegations of the first thirty-five paragraphs as if set forth at length herein.

37.     Admitted.

38.     With respect to the allegations in Paragraph 38, it is admitted that Aetna serves as benefit provider and claim fiduciary pursuant to an insured group health benefit plan of HOP Industries Corp. in which Plaintiff's assignor was enrolled. Except as so admitted, denied.

39.     Denied.

40.     Denied.

**WHEREFORE,** Defendant demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of state and federal law.

COUNT IV

41.     Defendant incorporates by reference all the answers to all the allegations of the first forty paragraphs as if set forth at length herein.

42.     Upon information and belief, it is admitted that Plaintiff performed services to R.P. Except as so admitted, this party has insufficient information to admit or deny the balance of the allegations of this paragraph and therefore, said allegations are denied.

43.     Denied.

44.     It is denied that any such confirmation was provided. By way of further

7

response, denied.

45.    It is denied that this party did not make payment according to the terms of the benefit plan.  As to the balance of the allegations of this paragraph, denied.

46.    Denied.

47.    Denied.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of state and federal law.

COUNT V

48.    Defendant incorporates by reference all the answers to all the allegations of the first forty-seven paragraphs as if set forth at length herein.

49.    It is denied that this Defendant breached any duty owed to Plaintiff, if any, and it is denied that this party failed to provide claim benefit determinations contrary to the terms, limitations and conditions of the benefit plan. As to the balance of the allegations of this paragraph, denied.

50.    This party is unable to admit or deny the allegation of what was known or unknown to Plaintiff at any particular time, however, any allegation of negligence or misrepresentation is denied.  By way of further answer, any allegation that this party failed to provide benefits in accordance with the terms, conditions and limitations of the benefit plan are denied

51.    Denied.

52.    Denied.

53.    Denied.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint

8

plus such other relief to which it is entitled as a matter of state and federal law.

COUNT VI

54.     Defendant incorporates by reference all the answers to all the allegations of the first 53 paragraphs as if set forth at length herein.

55.     With respect to the allegations contained in paragraph 55 of Plaintiff's Complaint, it is denied that Defendant failed to provide any benefit for any claims submitted in a manner contrary to the terms, limitations and conditions of the group agreement. By way of further response, denied.

56.     Denied.

57.     Denied.

**WHEREFORE,** Defendant demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of state and federal law.

COUNT VII

58.     Defendant incorporates by reference all the answers to all the allegations of the first 57 paragraphs as if set forth at length herein.

59.     To the extent that any allegations in this paragraph may be construed or interpreted as asserting a claim of wrongful act or omission as against this Defendant, same is expressly denied.

**WHEREFORE,** Defendant demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of state and federal law.

CRAIG, ANNIN & BAXTER, LLP

Paul D. Kelly, Esquire
*Attorneys for Defendant*
*Aetna Health Inc.*

Dated: November ___, 2012

9

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint is barred by the applicable statute of limitations.

2. Plaintiff's Complaint is barred by the statute of frauds.

3. Plaintiff's Complaint is barred by the contractual limitations.

4. Plaintiff's Complaint is barred because it seeks benefits which are not compensable benefits or are not covered benefits under the terms of the benefit plan.

5. Plaintiff has failed to exhaust mandatory administrative remedies and this party reserves the right to move for dismissal on that basis.

6. Plaintiff is bound by the determination of the Claim Administrator for failure to timely file an appeal.

7. Plaintiff's Complaint is barred and/or reduced by the doctrine of set-off.

8. Plaintiff's claims are claims for benefits which are specifically excluded from coverage under the terms of the benefit plan.

9. Plaintiff's claim is barred by the failure to obtain the necessary referral.

10. Plaintiff's Complaint is barred by the entire controversy doctrine.

11. Plaintiff's failed to obtain proper pre certification.

12. The complaints set forth in Plaintiff's Complaint are expressly pre-empted by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 et seq.

13. Plaintiff's claim is barred by §502(a) and §514(a) of ERISA, 29 U.S.C. §1132(a) and §1144(a).

14. Plaintiff's claim is barred by the express provisions of the benefit plan.

15. This party breached no duty.

10

16.     Plaintiff's Complaint fails to state a claim as against this Defendant this party reserves the right to move for dismissal on that basis.

17.     Plaintiff's claims are barred by the provisions of the  New Jersey No-Fault Law.

18.     Plaintiff's Complaint is barred by the provisions of the New Jersey Workers' Compensation Law.

19.     The actions of Aetna were neither arbitrary nor capricious.

20.     Plaintiff's Complaint seeks benefits which exceed the benefits available under the Plan.

21.     The benefit plan expressly bars the benefits for treatment of injuries or conditions that are related to or arise out of a member's employment.


CRAIG, ANNIN & BAXTER, LLP

_____

Paul D. Kelly, Esquire (PDK/9137)
41 Grove Street
Haddonfield, NJ  08033
(856) 795-2220
*Attorneys for Defendant*
*Aetna Health Inc.*

Dated:      November___, 2012

11

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other actions pending in any other Court or pending arbitration proceeding and is not the subject of any other contemplated action or proceeding.

I further certify that there are no non-parties known or that should be joined in this matter.

CRAIG, ANNIN & BAXTER, LLP

Paul D. Kelly, Esquire
*Attorneys for Defendant*
*Aetna Health Inc.*

Dated: November ___, 2012

## CERTIFICATION

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future.

CRAIG, ANNIN & BAXTER, LLP

Paul D. Kelly, Esquire
*Attorneys for Defendant*
*Aetna Health Inc.*

Dated: November ___, 2012

12

## CERTIFICATE OF SERVICE

I, Tina M. Davis, of full age, hereby certify that the within Answer and Affirmative Defenses has been filed with the Clerk, United States District Court for the District of New Jersey, via electronic filing, and that a copy of the within pleading has been served this date, via first-class mail, postage prepaid, upon:

Andrew R. Bronsnick, Esquire
Massood & Bronsnick, LLC
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
*Attorneys for Plaintiffs*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Tina M. Davis

Dated: November 2, 2012

13